# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN NEWTON PETTIT, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 18-CV-0387-CVE-JFJ |
| JASON BRYANT, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a state inmate appearing pro se, commenced this action on July 25, 2018, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner paid the filing fee in full on August 8, 2018. Dkt. # 4. On preliminary review, the Court finds the petition is subject to being dismissed as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year limitation period. Within thirty (30) days of the entry of this order, petitioner shall show cause in writing why his § 2254 habeas petition should not be dismissed with prejudice as time-barred under § 2244(d)(1).

## *BACKGROUND*

Petitioner challenges the constitutional validity of the judgment and sentence entered against him in Rogers County District Court, Case No. CF-2005-400. Dkt. # 1 at 1. In that case, a jury convicted petitioner of lewd molestation, in violation of OKLA. STAT. tit. 21, § 1123(A)(1), and escape, in violation of OKLA. STAT. tit. 21, § 444. Id. The trial court imposed a 40-year prison sentence for the lewd molestation conviction and a one-year jail sentence for the escape conviction. Id. By unpublished summary opinion filed September 11, 2008, in Case No. F-2008-159, the

Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's convictions and sentences. Id.[1]
Petitioner did not seek further review of the OCCA's decision by filing a petition for writ of certiorari in the United States Supreme Court. Id. at 2.

On January 13, 2017, petitioner filed an application for post-conviction relief in state district court, alleging (1) he received ineffective assistance of trial counsel and was denied a fair trial because counsel failed to consult with him about the charges or trial, (2) he was denied conflict free counsel because trial counsel helped the State by encouraging him to unknowingly and involuntarily waive his right to a preliminary hearing, (3) he was denied his due process right to have notice of the charges against him before trial, (4) he was denied his due process right to plead guilty to two charges (escape from arrest or detention and larceny), and (5) he was denied his due process right to be tried by a court of competent jurisdiction. Id. at 2-3. The state district court denied his application on December 12, 2017. Id. at 3-4. By unpublished order filed June 25, 2018, in Case No. PC-2018-40, the OCCA affirmed the order denying relief. Id. at 17-19.

Petitioner filed the instant federal habeas petition on July 25, 2018, asserting the same five grounds for relief he alleged in his state application for post-conviction relief. Id. at 4-12.

*ANALYSIS*

District courts must "promptly examine" a habeas petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District

---

[1] Petitioner did not provide the date of the OCCA's decision in his petition. Dkt. 1 at 1. However, the Court takes judicial notice of the state court record reflecting the date of that decision. See Pettit v. State, Case No. F-2007-159 (Okla. Crim. App. 2008) (unpublished), available at http://www.oscn.net/dockets, last visited August 31, 2018.

2

Courts. As part of this preliminary screening, a district court may consider, sua sponte, the timeliness of the petition. Day v. McDonough, 547 U.S. 198, 209 (2006); see also Wood v. Milyard, 566 U.S. 463, 466 (2012) (holding that district courts may consider timeliness even after ordering respondent to file an answer, unless respondent expressly waives limitations defense). However, before summarily dismissing a habeas petition, a court must afford the petitioner "fair notice and an opportunity to present [his] position[]." Day, 547 U.S. at 210; see also Allen v. Zavaras, 568 F.3d 1197, 1203 (10th Cir. 2009) (noting district court correctly applied Day by providing petitioner an opportunity to respond before sua sponte dismissing habeas petition on exhaustion grounds).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a one-year limitation period in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).[2] Generally, the limitation period begins to run from the date on which a prisoner's conviction becomes final. Id. § 2244(d)(1)(A). It may also commence at a later date under the terms of § 2244(d)(1)(B), (C), and (D). Regardless of which date the one-year limitation period commences, the period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

---

[2] Under § 2244(d)(1), the one-year period begins on the "latest of" the following four dates:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(2). Because the AEDPA's one-year limitation period is not jurisdictional, the untimeliness of a habeas petition also may be excused for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

## I.     The petition is untimely under § 2244(d)(1)(A).

It is plain from petitioner's own allegations that his petition is untimely under § 2244(d)(1)(A). The OCCA affirmed petitioner's convictions on September 11, 2008, and he did not seek a writ of certiorari from the United States Supreme Court. His convictions therefore became final on December 10, 2008, when the 90-day period for seeking a writ of certiorari expired. Caspari v. Bohlen, 510 U.S. 383, 390 (1994). Under § 2244(d)(1)(A), petitioner's one-year limitation period commenced on December 11, 2008, and expired on December 11, 2009. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying FED. R. CIV. P. 6(a) to calculate AEDPA one-year limitation period). Petitioner's application for post-conviction relief, filed on January 13, 2017, did not serve to toll this one-year period. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one

4

year allowed by AEDPA will toll the statute of limitations."). Thus, the petition is subject to being dismissed as time-barred under § 2244(d)(1)(A).

## II. Petitioner's allegations do not show that his one-year period commenced at a later date under § 2244(d)(1)(D).

Petitioner contends he discovered "the factual predicates" underlying his first four claims "within the last six months" before he filed his petition and argues, under § 2244(d)(1)(D), "the limitation period did not start running until then." Dkt. # 1 at 15. Under § 2244(d)(1)(D), the one-year statute of limitation commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As a reminder, petitioner alleges he is entitled to habeas relief on five grounds:

> Ground 1: [Petitioner] was denied the effective assistance of counsel when [his] trial counsel failed to consult with [him] what-so-ever, which denied [him] a fundamentally fair jury trial.
>
> Ground 2: [Petitioner] was denied conflict free counsel when [his] trial attorney had [him] waive [his] constitutional right to a preliminary hearing, for the sole reason of helping the State bring [him] to trial for crimes [he] didn't commit.
>
> Ground 3: [Petitioner] was denied [his] clearly established due process rights to have notice of the charges and to know their nature prior to trial.
>
> Ground 4: [Petitioner] was denied [his] clearly established due process right to plead guilty to the charges of escape from arrest or detention . . . [.]
>
> Ground 5: [Petitioner] was denied [his] due process right to be tried by a court of competent jurisdiction.

Dkt. # 1 at 4-12 (altered to remove full capitalization of issue statements).

Petitioner contends he did not discover the facts supporting his Ground 1 and Ground 2 claims until (1) he learned his counsel "had lied on the transcripts" in another defendant's case and (2) he obtained "an un-altered copy" of a witness subpoena showing the victim and her father

provided a "fake address" to law enforcement. Id. at 6-7, 15. According to petitioner, the discovery of the subpoena put him on notice that his trial attorney encouraged him to waive his preliminary hearing to assist the State with his prosecution. Id. at 15. Petitioner further contends that because there is a legal presumption that trial counsel will perform "admirably" and without conflicts, he "had no reason to exercise any diligence" to uncover the truth about counsel's deficient representation before he had "actual notice" of the same. Id.

The Court finds petitioner's allegations are insufficient to render his first four claims timely under § 2244(d)(1)(D). As alleged, all four claims relate to events that took place before or during trial. In Ground 1, petitioner alleges trial counsel failed to consult with him before trial and that he was prejudiced because, *at that time*, petitioner had information that would have been helpful to presentation of a "full defense." See Dkt. # 1 at 4-5. Likewise, in Ground 2, petitioner alleges his trial counsel, *on May 10, 2006*, "pushed" a waiver form in front of petitioner and told him to sign it without advising him as to the consequences of waiving his right to a preliminary hearing. Id. at 6-7. Petitioner claims this evidences his counsel was acting on behalf of the State by encouraging him to waive his preliminary hearing "because [the victim] was refusing to testify at the [hearing] on *May 8, 2006*." Id. (emphasis added). Petitioner also refers to a "Sheriff's Office Return of Service" form, filed on *April 11, 2006*, to support his allegations that the victim gave a fake address and his trial counsel had him waive the preliminary hearing to assist the State. Id. at 7. As demonstrated by petitioner's own allegations, his Ground 1 and Ground 2 claims rest on facts that he either knew, or could have reasonably discovered with due diligence, before or during his trial. And, contrary to petitioner's position, the legal presumption that trial counsel's performance is generally reasonable does not relieve petitioner of his burden to show, under § 2244(d)(1)(D), that

6

he exercised reasonable diligence in discovering the factual predicates to support his ineffective-assistance-of-trial-counsel claims.

Petitioner's allegations also demonstrate that, either before or during trial, he knew or could have discovered with reasonable diligence, the facts supporting his Ground 3 and Ground 4 claims. In Ground 3, petitioner alleges that "prior to the day of trial," he was not provided a copy of the information or amended information, he was not "orally read the charges," and his attorney did not advise him of the nature of the charges. Dkt. # 1 at 9. In Ground 4, petitioner repeats these same allegations and further alleges that had he been properly advised of the charges before trial, he would have pleaded guilty to charges of escape and larceny. Id. at 11. Even accepting petitioner's allegations as true, it is clear that he had the factual predicates underlying his Ground 3 and Ground 4 claims at his disposal before trial. Thus, § 2244(d)(1)(D) also does not apply to these claims.[3]

Because the allegations in the petition do not support petitioner's assertion that he is entitled to the later commencement date of his one-year limitation period, as provided in § 2244(d)(1)(D), his first four claims are subject to being dismissed as time-barred under § 2244(d)(1)(A).

**III.     Petitioner's allegations do not demonstrate that his Ground 5 claim is timely.**

In Ground 5, petitioner alleges that the trial court lacked jurisdiction to prosecute him because he is "an enrolled citizen of the Cherokee Nation of Oklahoma," and his conviction for lewd molestation rests on events that occurred near Oolagah Lake in Rogers County which is located "in

---

[3]     Petitioner also asserts that he has made three requests to the Rogers County Court Clerk to purchase his trial transcripts with no response. Dkt. # 1 at 15. To the extent petitioner suggests this conclusory allegation supports application of § 2244(d)(1)(B), the Court disagrees. Under § 2244(d)(1)(B), a petitioner must show (1) the State's unconstitutional action (2) prevented petitioner from filing a federal habeas petition. Without more, petitioner's allegation that the Rogers County Court Clerk failed to respond to transcript requests does not support application of § 2244(d)(1)(B).

the heart of the Cherokee Nation reservation." Dkt. # 1 at 13. He alleges this claim is timely because the trial court's lack of jurisdiction "came to light" when the United States Court of Appeals for the Tenth Circuit issued its decision in <u>Murphy v. Royal</u>, 875 F.3d 896 (10th Cir. 2017), <u>cert. granted</u>, 138 S. Ct. 2026 (2018). <u>Id.</u> at 15. Petitioner further alleges that his fifth claim can be deemed timely through application of the miscarriage-of-justice exception because he is factually innocent or through a showing of "cause and prejudice since the State of Oklahoma has been illegally prosecuting Indians in Indian country for decades." <u>Id.</u>

For several reasons, the Court finds petitioner's Ground 5 claim is subject to being dismissed as time-barred under § 2244(d)(1)(A). First, to the extent petitioner seeks application of the later commencement date provided in § 2244(d)(1)(C), that provision does not apply. Under § 2244(d)(1)(C), AEDPA's one-year limitation period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if [1] the right has been newly recognized by the Supreme Court and [2] made retroactively applicable to cases on collateral review." The only case petitioner cites to support his position on this point is <u>Murphy</u>. Dkt. # 1 at 13, 15. Because <u>Murphy</u> is not a Supreme Court decision, it cannot support application of § 2244(d)(1)(C). Second, to the extent petitioner believes the miscarriage-of-justice exception renders his Ground 5 claim timely, he is mistaken. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of AEDPA's statute of limitations and permit a federal habeas court to review the merits of an untimely habeas claim. <u>Perkins</u>, 569 U.S. at 386. But a credible claim of actual innocence requires a "petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial,"

8

Schlup v. Delo, 513 U.S. 298, 324 (1995), and that would prove "the State has convicted the wrong person of the crime," Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (quoting Sawyer v. Whitley, 505 U.S. 333, 340 (1992)). Petitioner presents no such evidence because his Ground 5 claim alleges a legal error—that he was tried by a court that lacked jurisdiction—rather than an error implicating his factual innocence. Finally, petitioner seems to assert that his Ground 5 claim can be made timely through a showing of "cause and prejudice." Dkt. # 1 at 15. However, "cause and prejudice" is a showing that must be made when a petitioner defaults his federal claims in state court. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The procedural issue here is petitioner's failure to comply with the AEDPA's one-year limitation period. As previously stated, to overcome this procedural bar, petitioner must either make a "credible showing of actual innocence," Perkins, 569 U.S. at 392, or show that he diligently pursued his federal claims and extraordinary circumstances prevented him from timely filing his federal petition, Holland, 560 U.S. at 649. The allegations in the habeas petition are not sufficient to make either showing. Thus, petitioner's Ground 5 claim is also subject to being dismissed as time-barred under § 2244(d)(1)(A).

**IV.    Opportunity to respond**

Based on the foregoing, the Court finds petitioner's claims are untimely under § 2244(d)(1)(A), and that his allegations in the petition do not demonstrate that he can overcome that time bar. Nevertheless, the Court shall provide petitioner thirty (30) days to file a written response showing cause why his habeas petition should not be dismissed as time-barred.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Within thirty (30) days of the entry of this order, petitioner shall show cause in writing why his § 2254 habeas petition should not be dismissed as time-barred.

2. If petitioner fails to file a response as directed, the Court will dismiss the habeas petition with prejudice for the reasons stated in this order and without further notice.

**DATED** this 5th day of September, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE