**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHN NEWTON PETTIT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0387-CVE-JFJ |
| | ) | |
| RICK WHITTEN, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**OPINION AND ORDER**

This is a habeas corpus action. In an Opinion and Order filed September 5, 2018 (Dkt. # 5), the Court found that the habeas petition is subject to being dismissed as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and provided petitioner 30 days to show cause in writing why the petition should not be dismissed. Petitioner filed a timely response on October 1, 2018 (Dkt. # 6). For the reasons stated in this Court's prior opinion and order, and for the reasons that follow, the Court finds the habeas petition shall be dismissed with prejudice as time-barred.

**I.**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a one-year period in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Generally, the one-year period begins to run from the date on which the prisoner's conviction becomes final. Id. § 2244(d)(1)(A). It may also commence at a later date under the terms of § 2244(d)(1)(B), (C), and

---

[1] Petitioner is incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma. The center's current warden, Rick Whitten, is therefore substituted in place of Jason Bryant as party respondent. The Clerk of Court shall note the substitution on the record.

(D).[2] Regardless of which date the one-year period commences, the period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). Because the AEDPA's statute of limitations is not jurisdictional, the untimeliness of a habeas petition may be excused for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

## II.

---

[2]    Under § 2244(d)(1), the one-year period begins on the "latest of" the following four dates:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner seeks federal habeas relief from the judgment and sentence entered against him in Rogers County District Court, Case No. CF-2005-400. Dkt. # 1 at 1. He alleges five habeas claims:

Ground 1:    [Petitioner] was denied the effective assistance of counsel when [his] trial counsel failed to consult with [him] what-so-ever, which denied [him] a fundamentally fair jury trial.

Ground 2:    [Petitioner] was denied conflict free counsel when [his] trial attorney had [him] waive [his] constitutional right to a preliminary hearing, for the sole reason of helping the State bring [him] to trial for crimes [he] didn't commit.

Ground 3:    [Petitioner] was denied [his] clearly established due process rights to have notice of the charges and to know their nature prior to trial.

Ground 4:    [Petitioner] was denied [his] clearly established due process right to plead guilty to the charges of escape from arrest or detention . . . [.]

Ground 5:    [Petitioner] was denied [his] due process right to be tried by a court of competent jurisdiction.

Dkt. # 1 at 4-12 (altered to remove full capitalization of issue statements).

In its prior opinion and order, the Court found that petitioner's habeas petition, filed July 25, 2018, is untimely whether considered under § 2244(d)(1)(A), (d)(1)(B) or (d)(1)(D). Dkt. # 5, at 4-7. In addition, the Court rejected petitioner's arguments that his Ground 5 claim could be deemed timely either through application of § 2244(d)(1)(C), the miscarriage-of-justice-exception, or the "cause and prejudice" standard. Id. at 7-9. Nonetheless, the Court provided petitioner an opportunity to explain why his petition should not be dismissed as time-barred. Id. at 10.

In response, petitioner offers three reasons why his petition should not be dismissed as time-barred. The first two address only the timeliness of his Ground 5 claim, while the third asserts that dismissal of his habeas petition would be "Tantamount to Suspension of the Writ." Dkt. # 6 at 5-6. The Court finds none of these reasons is persuasive.

First, petitioner describes his Ground 5 claim as one alleging that the trial court lacked

subject matter jurisdiction because petitioner "is an Indian and the crime is alleged to have occurred

on land which is deemed Indian country." Dkt. # 6, at 5. He contends his Ground 5 claim is timely

under § 2244(d)(1)(B) because he has "show[n] that the State of Oklahoma by prosecuting him

violated both the Supremacy Clause of the United [States] Constitution and federal law (18 USC

§ 1153)." Id. He further argues that "[i]t was only with the publication of the Tenth Circuit decision

in ***Murphy v. Royal***, 875 F3d 896 that Petitioner knew the State of Oklahoma had acted in violation

of the Constitution." Id. (emphasis in original). The Court previously rejected petitioner's reliance

on Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017), cert. granted, 138 S. Ct. 2026 (2018), to support

application of § 2244(d)(1)(C), the miscarriage of justice exception, or the "cause and prejudice"

standard. Dkt. # 5, at 7-9. His reliance on Murphy to support application of § 2244(d)(1)(B) fares

no better. Under § 2244(d)(1)(B), a petitioner must show that (1) the State's unconstitutional action

(2) prevented him from filing a federal habeas petition. Essentially, petitioner asserts that because

the State violated the constitution by prosecuting him without jurisdiction, and because he did not

realize that violation occurred until he read the Murphy decision, the State prevented him from filing

a timely federal habeas petition. However, even assuming a constitutional violation occurred, that

violation did not, in and of itself, create an impediment that prevented petitioner from filing a federal

habeas petition. Thus, § 2244(d)(1)(B) does not apply. See Garcia v. Hatch, 343 F. App'x 316, 319

(10th Cir. 2009) (unpublished)[3] (noting that § 2244(d)(1)(B) "applies only when a state-created

---

[3]    The Court cites this unpublished decision, and any other unpublished decision herein, as
       persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

'impediment' 'prevented' an inmate from filing his application" and rendered the inmate "incapable of filing a timely habeas petition").

Next, petitioner "encourages this Court to look at his Ground 5 [claim] as a fundamental miscarriage of justice." Dkt. # 6, at 5. This request merely reasserts the same argument this Court previously rejected. As explained in this Court's prior opinion and order, the miscarriage-of-justice exception applies when a habeas petitioner presents a credible claim of actual innocence. Dkt. # 5, at 8. A credible claim generally "requires a 'petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial'" and to show that new evidence would "prove 'the State convicted the wrong person of the crime.'" Id. (first quoting Schlup v. Delo, 513 U.S. 298, 324 (1995), then quoting Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)). The exception does not apply, however, simply because petitioner alleges a newly-discovered legal error. Id. For that reason, petitioner cannot overcome the time bar through application of the miscarriage-of-justice exception.

Finally, petitioner asserts that dismissal of his habeas petition would be "Tantamount to Suspension of the Writ." Dkt. # 6, at 6. The Tenth Circuit Court of Appeals has rejected the argument that dismissing a habeas petition as time-barred by the AEDPA's statute of limitations constitutes a "suspension of the writ of habeas corpus." Ong Vue v. Allbaugh, 682 F. App'x 636, 638 (10th Cir. 2017) (unpublished); Long v. Miller, 541 F. App'x 800, 802 (10th Cir. 2013) (unpublished) ("[T]he claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court."). Accordingly, the Court rejects that argument here.

**III.**

Based on the foregoing, the Court concludes that the habeas petition is time-barred and that petitioner has not made the requisite showings to overcome the time bar. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice, as time-barred. Further, because the Court concludes that reasonable jurists would not debate its procedural ruling, the Court denies a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(C); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  The Clerk of Court shall note the substitution of Rick Whitten in place of Jason Bryant as party respondent.

2.  The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3.  A certificate of appealability is **denied**.

4.  A separate judgment shall issue herewith.

    **DATED** this 21st day of December, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE